1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MIGUEL DIAZ,

11          Plaintiff,                    No. 2:12-cv-0727 EFB P

12      vs.

13   SWARTHOUT, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis and a request for injunctive relief.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20   **I.     Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

1

## II.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

2

**III.   Background**

Plaintiff commenced this action on March 22, 2012 by filing an "Emergency Motion for TRO and Preliminary Injunction." Dckt. No. 1.  On April 11, 2012, the court informed plaintiff that to commence a civil action, he must file a complaint that contains a short and plain statement of his claim, showing that he is entitled to relief.  Dckt. No. 2.

Plaintiff responded by letter, stating that he was confused by the April 11, 2012 order because he had "already filed [his] complaint," and referred to the March 22, 2012 motion for injunctive relief.  Dckt. No. 8.  Plaintiff also filed a form complaint, in which he merely referred to the "Statement of the Case" section of his motion for injunctive relief.  Dckt. No. 7.  Because that form complaint was not complete in itself without reference to the earlier filed complaint, it is stricken from the docket.  *See* E.D. Cal. L.R. 220; Fed. R. Civ. P. 12(f)(1).

It appears from plaintiff's filings that plaintiff submits his initial filing as both a complaint and a motion for injunctive relief.  Accordingly, the court screens plaintiff's initial filing as a complaint pursuant to § 1915A and also addresses the concurrently filed motion for injunctive relief.

**IV.   Screening Order**

Plaintiff's complaint must be dismissed because it does not comply with Rule 8 or state a claim upon which relief may be granted.  Rule 8 rule requires the pleader to set forth his averments in a simple, concise, and direct manner.  Here, plaintiff complains generally about the alleged shortcomings of the administrative appeals process, alleged retaliation for filing administrative appeals and lawsuits, and alleged racial discrimination.  The complaint does clearly identify the defendants or the claims for relief against any particular defendant.  As drafted, the complaint hardly provides defendants with "fair notice" of plaintiff's claims against them.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

1    Rather than submitting a "short and plain statement" of his claims, plaintiff has submitted

2    a complaint that is so prolix and convoluted that the court cannot reasonably discharge its

3    screening responsibility under § 1915A.  Plaintiff must therefore file an amended complaint that

4    complies with the pleading requirements set forth in Rule 8.  *See McNeil v. United States*, 508

5    U.S. 106, 113  (1993) (federal rules apply to all litigants, including prisoners lacking access to

6    counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of

7    federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996)

8    (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with

9    redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim,

10   which could be "read in seconds and answered in minutes").

11       Should plaintiff choose to file an amended complaint, the amended complaint must

12   clearly set forth the claims and allegations against each defendant.  It must also adhere to the

13   following requirements:

14       The amended complaint must be written or typed so that it is complete in itself without

15   reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint

16   supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed

17   complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467,

18   1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated

19   thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Any

20   amended complaint may not change the nature of this suit by alleging new, unrelated claims.

21   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

22       The complaint must identify as a defendant only persons who personally participated in a

23   substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588

24   F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional

25   right if he does an act, participates in another's act or omits to perform an act he is legally

26   required to do that causes the alleged deprivation).

4

It must also contain a caption including the name of the court and the names of all

parties. Fed. R. Civ. P. 10(a).

Here, plaintiff's March 22, 2012 complaint concerns an allegedly retaliatory transfer that

occurred the same month, making proper exhaustion of available administrative remedies

unlikely.[1]  By signing an amended complaint, plaintiff certifies that his claims are warranted by

existing law, including the law that he properly exhaust available administrative remedies.

Plaintiff is hereby warned that for violation of this rule, he risks dismissal of this action.

Because it appears that plaintiff intends to state claims based on the processing of his

administrative appeals, access to the courts, retaliation, and/or equal protection, the court also

informs plaintiff of the following legal standards:

To state a claim pursuant to § 1983, a plaintiff must allege: (1) the violation of a federal

constitutional or statutory right; and (2) that the violation was committed by a person acting

under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

////

---

[1] The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*.").  A prisoner seeking leave to proceed in forma pauperis in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust.  *Id.* at 1051; *McKinney*, 311 F.3d 1198.  *See also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010) (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a supplemental complaint regarding conduct that occurred after the initial complaint was filed).

California prisoners may appeal "any policy, decision, action, condition, or omission" that the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See Id.*, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*, § 3084.1(b).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To the extent plaintiff intends to impose liability against any defendant based on the processing of any administrative appeal, he cannot state a claim. There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). An inmate alleging a violation of this right must show that he suffered an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). That is, plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See id.* at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Thus, to prevail on a retaliation claim, the prisoner "must show that the challenged action 'did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 568).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

**V.   Requests for Injunctive Relief**

As discussed above, plaintiff's complaint is dismissed. Plaintiff's request for injunctive relief is therefore premature because he has failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order or direct service. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).

**VI.   Summary of Order**

Accordingly, the court hereby orders that:

1. Plaintiff's requests to proceed in forma pauperis (Dckt. Nos. 9, 10) are granted.

2. The June 11, 2012 pleading (Dckt. No. 7) is stricken.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be

1  dismissed.  If plaintiff files an amended complaint stating a cognizable claim the court will

2  proceed with service of process by the United States Marshal.

3       4.  The March 22, 2012 motion for injunctive relief (Dckt. No. 1) is denied as premature.

4  Dated:  September 5, 2012.

5

6                              EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26