IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL DIAZ,

      Plaintiff,                    No. 2:12-cv-0727 EFB P

    vs.

SWARTHOUT, et al.,

      Defendants.           ORDER

                             /

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

1

of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

## II.   Background

Plaintiff commenced this action on March 22, 2012. Dckt. No. 1. Pursuant to § 1915A, the court screened the complaint. Dckt. No. 11. The court dismissed the complaint with leave to amend because it did "not comply with Rule 8 or state a claim upon which relief may be granted." Dckt. No. 11 at 3. That initial screening order also informed plaintiff of the following requirements for filing an amended complaint:

> The complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).
>
> It must also contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

* * *

To state a claim pursuant to § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government- official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

* * *

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Thus, to prevail on a retaliation claim, the prisoner "must show that the challenged action 'did not reasonably advance a legitimate correctional goal.'" *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 568).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

Dckt. No. 11 at 4-7.

## III.   Screening Order

The court has reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable First Amendment retaliation claims based on the allegations that 1) defendant Romero, as a "committee" member, approved plaintiff's transfer to California State Prison, Corcoran, to "teach plaintiff a lesson" for filing inmate appeals; and 2) that defendant Young denied plaintiff positive "chronos" in retaliation for

3

plaintiff's filing of inmate appeals.

The caption to the amended complaint also names the following defendants: Swarthout, Rivas, and Cervantes.[1] *See* Dckt. No. 17. These defendants must be dismissed because the complaint does not include any factual allegations against them.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Thus, plaintiff may proceed on his retaliation claims against defendants Romero and Young, or he may amend his complaint to attempt to cure the deficiencies identified herein. Plaintiff is not obligated to amend his complaint.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

---

[1] In the body of the complaint, plaintiff refers to individuals named Wamble, Robinson, Green, Baggs, and Cummins. Allegations relating to these individuals are not addressed because plaintiff has not identified them as defendants.

4

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If plaintiff chooses to proceed only on his retaliation claims against defendants Romero and Young, the court will construe plaintiff's election as his voluntary dismissal of defendants Swarthout, Rivas, and Cervantes, without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state potentially cognizable First Amendment retaliation claims against defendants Romero and Young. *See* 28 U.S.C. § 1915A.

2. Defendants Swarthout, Rivas, and Cervantes are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the November 7, 2012 amended complaint, two USM-285 forms and instructions for service of process on defendants. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

4. Failure to comply with this order may result in a recommendation that this action be dismissed.

////

////

////

1      5.  Plaintiff failed to respond to the court's order filed on April 11, 2012, Dckt. No.
2 3, directing that he complete and return the form indicating either his consent to jurisdiction
3 of the magistrate judge or request for reassignment to a district judge.  Accordingly, The Clerk of
4 the Court shall re-serve plaintiff with the Order Re Consent of Request for Reassignment.
5 Dated: February 28, 2013.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL DIAZ,

      Plaintiff,                    No. 2:12-cv-0727 EFB P

    vs.

SWARTHOUT, et al.,

      Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

                             /

      In accordance with the court's Screening Order, plaintiff hereby elects to:

      (1) _____  proceed only with the First Amendment retaliation claims against defendant Romero and Young, as identified in the court's Screening Order, dismiss defendants Swarthout, Rivas, and Cervantes, and submits the following documents:

            1        completed summons form

            2        completed forms USM-285

            3        copies of the endorsed November 7, 2012 amended complaint

    **OR**

      (2) _____  delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                                        Plaintiff